Neal Shurtleff and Leo C. Brady, both of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for robbery; punishment, five years in the penitentiary.

There is no complaint on appellant's part of the insufficiency of the evidence, and we deem the jury amply warranted in their conclusion of guilt, and see no good to come from setting out the testimony.

Appellant has five bills of exception. By his bill No. 1 he complains of the fact that a convicted codefendant of this appellant, one West, was permitted to testify for the state. There is nothing in appellant's bill or in the record which shows when said witness was convicted, and we are unable to know whether it was prior or subsequent to the amendment of article 708, C.C.P. (Vernon's Ann.C.C.P. art. 708). Our presumption must be in favor of the correctness of the ruling of the trial court. The bill is insufficient to present any error.

We cannot agree with appellant that there is not sufficient testimony in the record to corroborate appellant's codefendant, whose testimony would be in the nature of an accomplice; nor can we agree that the facts in the case do not sufficiently show that the alleged offense was committed by the use of force, or the exhibition of a deadly weapon, or by putting the injured party in fear of death or bodily injury. We conclude to the contrary.

There are a number of bills of exception in the record which are in question and answer form, without any certificate of the court that it was necessary that they be in such form in order to make them understood. These bills of exception can not be considered.

Finding no error in the record, the judgment will be affirmed.

## RICHARDSON v. STATE.
### No. 18179.

Court of Criminal Appeals of Texas.
April 15, 1936.

Carl E. Ratliff, of Levelland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of unlawfully possessing equipment and supplies for the manufacture of intoxicating liquor, to wit, whisky, and his punishment was assessed at confinement in the State Penitentiary for a term of one year and one day.

Pending appeal, the law (Pen.Code 1925, art. 666 et seq., as amended) under which appellant was convicted. has been repealed (Vernon's Ann.P.C. art. 666—49).

The judgment is reversed, and the prosecution is ordered dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.